IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-323-BO
No. 5:12-CV-213-BO

| THURMAN MORRIS III | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In his motion, petitioner, Mr. Morris, contends, *inter alia*, that he is actually innocent of being a felon in possession of a firearm in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). Mr. Morris' original *pro se* § 2255 petition raised additional claims that appear to have been withdrawn [DE 32 & 34]. The government's has moved to dismiss Mr. Morris' § 2255 petition and amended memorandum in support. For the reasons discussed below, the government's motion is granted.

## BACKGROUND

Mr. Morris was sentenced by this Court on April 19, 2011, to a total term of imprisonment of fifty-seven months following his plea of guilty to charges of distributing a quantity of cocaine base in violation of 21 U.S.C. § 841 and of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924. Mr. Morris did not file a direct appeal, and timely filed the instant motion within one year of the date his conviction became final. 28 U.S.C. § 2255(f)(1).

## DISCUSSION

At the outset, the Court holds that Mr. Morris is not entitled to relief under *Simmons*. Sitting en banc, the Fourth Circuit in *Simmons* interpreted *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S.Ct. 2577 (2010), to compel the result that individuals sentenced pursuant to North Carolina's Structured Sentencing Act could not be classified as "felons" unless the individual defendant had been exposed to a sentence of imprisonment in excess of one year. 649 F.3d at 249. Mr. Morris argues that his prior conviction of a class H, prior record level IV offense of possession with intent to sell and deliver cocaine cannot be considered a felony after *Simmons* because, while he faced a sentence of eleven to fourteen months, he had entered into a plea agreement that was binding on the court if accepted and that exposed him to a maximum of eleven months' imprisonment.

First, a class H, prior record level IV conviction does expose a defendant to a term of imprisonment exceeding one year, even in the absence of aggravating findings by the court. *See e.g. United States v. Leach*, 446 Fed. App'x 625 (4th Cir. 2011) (unpublished). Accordingly, only if the Court found Mr. Morris' argument regarding his plea agreement persuasive, which it does not, would he no longer have a valid predicate conviction for purposes of his felon in possession conviction. Under North Carolina law, a sentencing judge's discretion is limited in that when a plea agreement that has been accepted by the court prescribes a sentence, the judge must sentence the defendant according to the plea agreement. N.C. Gen. Stat. § 15A-1023(b). The judge may also determine to impose sentence other than that prescribed the agreement, so long as notice is provided and the defendant has an opportunity to withdraw the plea. *Id.* The procedures regarding plea agreements, however, do not disturb the general rule that "any

2

sentence imposed by the trial court must be consistent with the provisions of North Carolina's Structured Sentencing Act." *State v. Murray*, 714 S.E.2d 209, at *3 (N.C. Ct. App. Jul. 5, 2011).

In other words, the mandatory (not advisory) system that governs sentencing ranges in North Carolina – and that the court of appeals addressed itself to in *Simmons* – does not exempt convictions achieved through plea agreements from its requirements. Moreover, the *Simmons* court explained that its holding required "examination of three pieces of evidence: the offense class, the offender's prior record level, and the applicability of the aggravated sentencing range." *Simmons*, 649 F.3d at 247 n. 9. This Court cannot therefore rely on the sentence that Mr. Morris actually *received*, but must rely instead on the sentence to which a defendant in his position was *exposed* at the time of sentencing. *See United States v. Thompson*, No. 11-5059, 2012 WL 1592991, at *2 (4th Cir. 2012) ("Pursuant to *Simmons*, in evaluating whether a defendant's prior state conviction qualifies as a felony under the ACCA, the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment."). The fact that Mr. Morris entered into a plea agreement that limited his exposure to no more than eleven months' imprisonment is inapposite.

The government also contends that Mr. Morris' *Simmons* claim is procedurally defaulted as he had an opportunity and failed to raise the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Procedurally defaulted claims are barred unless a petitioner can show the existence of either cause and prejudice or actual innocence as equitable exceptions to the bar. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). In light of the above finding that Mr. Morris is not entitled to relief under *Simmons*, the Court declines to consider whether his claim is procedurally defaulted.

3

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the Court finds that Mr. Morris has made the requisite threshold showing and that a certificate of appealability is warranted. In this case, the Court holds that Mr. Morris' North Carolina conviction is subject to the analysis presented in *Simmons* and that his plea agreement does not alter the fact that he was exposed to a term of imprisonment in excess of one year. In light of the novel argument presented, which has not yet been squarely addressed by the court of appeals, the Court finds that jurists of reason could debate whether the issue should have been decided differently. Therefore, a certificate of appealability shall issue.

A certificate of appealability must "indicate which specific issue or issues satisfy the showing required...." 28 U.S.C. § 2255(c)(3). The Court grants a certificate of appealability as to whether Mr. Morris' North Carolina conviction, for which he received a sentence pursuant to a plea agreement prescribing sentence, should have been excluded as a predicate felony after *Simmons*.

## CONCLUSION

Accordingly, for the reasons discussed above, the government's motion to dismiss [DE 33] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 28] is DISMISSED. A certificate of appealability is hereby ISSUED.

SO ORDERED, this __19__ day of October, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 5:10-cr-00323-BO   Document 39   Filed 10/22/12   Page 5 of 5